IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Karl B. Rauch, Sr., | ) | C/A No. 3:10-1154-MJP-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Richland-Lexington School District 5; Angela Bain; David Shealy; Edward Havird; in their individual capacities, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

The plaintiff, Karl B. Rauch, Sr., ("Rauch"), filed this employment case against his former employer, Richland-Lexington School District 5, and three of its employees. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the motion of Defendants Bain, Shealy, and Havird—sued in their individual capacities—to dismiss Rauch's second cause of action for civil conspiracy.[1] (ECF No. 7.) Alternatively, these defendants seek an order for a more definite statement as to Rauch's civil conspiracy claim.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter,

---

[1] The only other claim asserted in Rauch's Complaint is one for age discrimination against the school district. (See generally Compl., ECF No. 1.)



accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The allegations in this claim amount to no more than a formulaic recitation of the elements of civil conspiracy without any supporting factual allegations. (See generally Compl., ECF No. 1 at 3-4); Iqbal, 129 S. Ct. at 1949. As such, Rauch's second cause of action in its current form does not meet the applicable pleading standards.[2] Because the Complaint here suffers from a lack of detail rather than unintelligibility, the court finds that, rather than requiring a more definite statement pursuant to Rule 12(e), the better procedure is to grant the plaintiff leave to amend the Complaint to assert factual allegations which, taken as true, state a plausible claim for relief for civil conspiracy. See 5C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1376 at 309-11 (3d ed. 2004) (discussing the differences between Rule 12(b)(6) and Rule 12(e)); Stanton v. Manufacturers Hanover Trust Co., 388 F. Supp. 1171 (S.D.N.Y. 1975). Accordingly, the court recommends that the plaintiff be granted fourteen days from the date of the district judge's order ruling on this Report and Recommendation to amend his Complaint to cure the pleading deficiencies

---

[2] The defendants also contend that Rauch has insufficiently pled special damages. For the reasons stated in Rauch's opposition memorandum, this argument should be rejected. Additionally, Defendant Bain contends that she should be dismissed as a party because she was acting within the scope of her official duties. The court finds that the record is insufficiently developed to resolve this issue on a motion to dismiss and therefore recommends that Bain's motion as to this ground be denied without prejudice to raise this issue again on a more complete record.

PJG

in accordance with the Iqbal/Twombly standard.³ In the absence of a timely filed adequate amended complaint, the defendants' motion to dismiss this cause of action pursuant to Rule 12(b)(6) should be granted.

                                                 _____
                                                 Paige J. Gossett
                                                 UNITED STATES MAGISTRATE JUDGE

September 15, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

³ The court observes that in his memorandum in opposition to the defendants' motion to dismiss, the plaintiff relies heavily on the pleading standard enunciated in Conley v. Gibson, 355 U.S. 41 (1957), which was expressly overruled by the United States Supreme Court in Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).